UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-06176-SVW-RAO | Date | February 3, 2026 |
| Title | *LaTina McVay v. The Kroger Co.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Daniel Tamayo | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [20]

## I. Introduction

Before the Court is Defendant The Kroger Co.'s ("Kroger") Motion to Dismiss. Defendant's Motion to Dismiss the Complaint ("Mot."), ECF No. 20. For the following reasons, Defendant's motion is GRANTED IN PART and DENIED IN PART.

## II. Background

Kroger manufactures and sells Abound brand dog food products. Complaint ("Compl."), ECF No. 1, ¶ 6. Plaintiff LaTina McVay purchased three kinds of Abound dog food products[1] from Ralphs grocery stores near her home in North Hollywood. *Id.* ¶ 12. Her last purchase of these dog food products was in early 2025. *Id.* The packaging for these products provides various pieces of information. Relevant to this

[1] Plaintiff alleged purchasing the following three products: Abound Wild Beginnings All Life Stages Dry Dog Food Beef Venison & Lamb, Abound Wild Beginnings All Life Stages Dry Dog Food Chicken, Turkey & Duck, and Abound Wild Beginnings All Life Stages Dry Dog Food Salmon, Trout & Whitefish. Compl. ¶ 12.

:

Initials of Preparer DTA

case, the front label of the packaging states "NO Artificial Colors, Flavors or Preservatives." *Id.* ¶ 13. Screenshots of the front labeling and ingredients list for one of the products are reproduced below:







*Id.* ¶¶ 20, 21.

When Plaintiff purchased these products, she relied on the products' claims that they contained "NO Artificial Colors, Flavors or Preservatives." *Id.* ¶ 13. According to Plaintiff, this statement is false because each of these products are made with manufactured citric acid—an artificial preservative ingredient. *Id.* ¶ 7. Plaintiff alleges that she would not have purchased these products—or would have paid less for them—had she known they contain the artificial preservative citric acid. *Id.* ¶ 13.

:

Initials of Preparer DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-06176-SVW-RAO | Date | February 3, 2026 |
| Title | *LaTina McVay v. The Kroger Co.* | | |

On July 8, 2025, Plaintiff LaTina McVay filed this class action against Defendant Kroger.[2] Compl. Plaintiff, individually and on behalf of the California Class,[3] allege violations of California's Consumers Legal Remedies Act ("CLRA") and California's Unfair Competition Law ("UCL"). *Id.* ¶¶ 83, 96. Plaintiff, individually and on behalf of the Multi-State Express Warranty Class,[4] allege breach of express warranty. *Id.* ¶ 107. Plaintiff, individually and on behalf of the Multi-State Unjust Enrichment Class,[5] allege unjust enrichment. *Id.* ¶ 115.

## III. Legal Standard

### A. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

---

[2] The Abound brand dog food products at issue are those whose packaging contains the label "NO artificial Colors, Flavors or Preservatives" ("Products"). Compl. ¶ 6 n.1.

[3] The California Class is defined as "[a]ll persons who purchased the Products for personal use in California within the applicable statute of limitations until the date class notice is disseminated." *Id.* ¶ 70.

[4] The Multi-State Express Warranty Class is defined as "[a]ll persons who purchased the Products for personal use in California and other states with similar express warranty laws within the applicable statute of limitations until the date class notice is disseminated." *Id.*

[5] The Multi-State Unjust Enrichment Class is defined as "[a]ll persons who purchased the Products for personal use in California and other states with similar unjust enrichment common laws within the applicable statute of limitations until the date class notice is disseminated." *Id.*

:

Initials of Preparer DTA

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

**B. Rule 9(b)**

"To comply with Rule 9(b), allegations of fraud must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). "A party alleging fraud must 'set forth more than the neutral facts necessary to identify the transaction.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994), *superceded by statute on other grounds*).

"Rule 9(b) serves three purposes: (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints as a pretext for the discovery of unknown wrongs; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Id.* at 1125 (internal quotations and alterations omitted).

**C. Rule 12(f)**

:

Initials of Preparer DTA

Rule 12(f) states that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12. Rule 12(f) grants courts "the authority to strike class allegations that cannot possibly move forward on a classwide basis." *Am. W. Door & Trim v. Arch Specialty Ins. Co.*, 2015 WL 1266787, at *3 (C.D. Cal. Mar. 18, 2015) (internal quotation marks and citation omitted). "Motions to strike are generally disfavored and should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013) (cleaned up).

## IV. Discussion

### A. Plaintiff Plausibly Alleged a Misrepresentation Theory

Defendant first argues that Plaintiff cannot state a claim under the UCL and CLRA because she has not plausibly alleged that a reasonable consumer would be misled by the Products' labels. Mot. at 5.

The UCL and CLRA utilize a "reasonable consumer" standard. *Martin v. FRS Co.*, 2014 WL 12588639, at *5 (C.D. Cal. Feb. 25, 2014). "Plaintiffs must allege that members of the public are likely to be deceived by the business practice or advertising at issue." *Id.* (citing *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) ("[T]he false or misleading advertising and unfair business practices claim must be evaluated from the vantage of a reasonable consumer.")). Defendant argues that Plaintiff cannot meet the reasonable consumer standard because of her "contrived definition of 'artificial.'" Mot. at 5. For example, Plaintiff defines "artificial" as "something made by man," "synthetic," "manufactured," and so on. *Id.* at 6. In essence, Defendant claims it is impossible to evaluate the truth or falsity of the Products' labels without understanding what "artificial" means. *Id.* at 5.

We first note that "courts have made clear in case after case, whether a reasonable consumer would be materially deceived is a question of fact that is not generally appropriate for determination on a motion to dismiss." *Sims v. Campbell Soup Co.*, 2018 WL 7568640, at *6 (C.D. Cal. Sept. 24, 2018). Furthermore, "the Ninth Circuit has made clear that granting a motion to dismiss on this question will only be

appropriate in 'rare situations.'" *Id.* (quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008)).

With this background in mind, the Court declines to dismiss Plaintiff's UCL and CLRA claims on this ground. At this stage, the Court concludes—taking Plaintiff's allegations as true and drawing all reasonable inferences in her favor—that she plausibly alleged that a reasonable consumer would be misled by the Products' labels. Plaintiff alleges that she was misled into purchasing a number of the Products because the Products' front labels stated "NO Artificial Colors, Flavors or Preservatives." Compl. ¶¶ 12-13, 18. The Products, however, contain citric acid, which Plaintiff alleges to be artificially manufactured. *Id.* ¶¶ 21, 23. This is sufficient. *Taylor v. Walmart, Inc.*, 789 F. Supp. 3d 774, 786 (C.D. Cal. 2025) (collecting cases finding the same).

### B. Plaintiff Plausibly Alleges that the Products Contain Artificial Citric Acid

Defendant next argues that Plaintiff fails to plausibly allege that the citric acid used in the Products is artificial. Mot. at 8. The Court rejects Defendant's argument. We instead follow the conclusion of other courts that have analyzed complaints substantially similar to the one at issue here. These courts found that the complaints "sufficiently alleged that the Products contain artificial citric acid" by alleging that the citric acid used is produced using heavy chemical processing and relying on academic studies and articles. *Ringler v. J.M. Smucker Co.*, 783 F. Supp. 3d 1229, 1239 (C.D. Cal. 2025) (collecting cases finding the same).

### C. Plaintiff's Complaint Meets Rule 9(b)'s Heightened Pleading Requirements

Defendant contends Plaintiff's allegations fail to satisfy Rule 9(b)'s heightened pleading requirements. Mot. at 10.

:

Initials of Preparer DTA

Plaintiff alleged that she purchased three kinds of falsely-labeled and advertised Abound dog food products throughout the class period. Compl. ¶ 12. Plaintiff's last purchase of such products occurred "in early 2025." *Id.* The Court concludes such allegations satisfy Rule 9(b). Plaintiff's complaint provides adequate notice—i.e., the "who, what, when, where, and how"—to Defendant of the misconduct alleged against it. *Vess*, 317 F.3d at 1106; *Kearns*, 567 F.3d at 1125; *see United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016) (Because Rule 9(b) "does not require absolute particularity or a recital of the evidence, a complaint need not allege a precise time frame, describe in detail a single specific transaction or identify the precise method used to carry out the fraud." (cleaned up)).

### D. Any UCL, CLRA, and Unjust Enrichment Claims Based on an Omission Theory are Dismissed

Defendant next argues that Plaintiff's UCL, CLRA, and unjust enrichment claims must be dismissed to the extent they rely on an omission theory. Mot. at 12. Plaintiff concedes she is not bringing an "omission" claim. Plaintiff's Opposition to Mot. ("Opp."), ECF No. 23, at 16. Accordingly, any of her UCL, CLRA, and unjust enrichment claims based on an omission theory are dismissed.

### E. The Court Declines to Dismiss Plaintiff's Unjust Enrichment Claim

Defendant next argues that Plaintiff's standalone claim for unjust enrichment claim must be dismissed. Mot. at 13. Although "there is not a standalone cause of action for 'unjust enrichment'" under California law, "a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (quoting *Rutherford Holdings, LLC v. Plaza Del Rey*, 166 Cal.Rptr.3d 864, 872 (2014)). To state a quasi-contract claim for restitution, "plaintiff must show that the defendant received and unjustly retained a benefit at the plaintiff's expense." *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016) (citing *Lectrodryer v. SeoulBank*, 77 Cal.App.4th 723, 726 (2000)). Plaintiff has done so here. She alleged that she and other members of

the class conferred a benefit on Defendant when they paid Defendant money for the Products which they did not know were falsely advertised. Compl. ¶ 117.

Defendant further argues that even if Plaintiff could state a quasi-contract claim for restitution, she cannot assert such a claim while also alleging an express warranty claim. Mot. at 13. Defendant is correct that "[u]nder California law 'there cannot be a claim based on quasi contract where there exists between the parties a valid express contract covering the same subject matter.'" *Smith v. Allmax Nutrition, Inc.*, 2015 WL 9434768, at *28 (E.D. Cal. Dec. 23, 2015) (quoting *Cheung v. Wells Fargo Bank, N.A.*, 987 F. Supp. 2d 972, 979 (N.D. Cal. 2013)). In other words, "a plaintiff may not plead the existence of an enforceable contract and simultaneously maintain a quasi-contract claim unless the plaintiff also pleads facts suggesting that the contract may be unenforceable or invalid." *Saroya v. Univ. of the Pac.*, 503 F. Supp. 3d 986, 998 (N.D. Cal. 2020) (citing *Klein v. Chevron U.S.A., Inc.*, 137 Cal. Rptr. 3d 293, 332–33 (Cal. Ct. App. 2012)).

Here, however, Plaintiff has not alleged the existence of an express agreement.[6] Plaintiff did not purchase the goods in question directly from Defendant; there is no express agreement between Plaintiff

[6] Perhaps surprisingly, an express agreement is not necessarily required for an express warranty claim. "To prevail on a breach of express warranty claim under California law, a plaintiff must prove that: '(1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached.'" *In re ConAgra Foods*, 90 F. Supp. 3d at 984 (citing *Allen v. ConAgra Foods, Inc.*, 2013 WL 4737421, at *11 (N.D. Cal. Sept. 3, 2013)). Typically, contractual privity is also required for a party to maintain a warranty claim under California law. *Clemens v. DaimlerChrysler Corp.*, 530 F.3d 852, 858 (9th Cir. 2008) ("In California, a plaintiff asserting breach of warranty claims must stand in vertical contractual privity with the defendant.") (citing *Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1141 (C.D. Cal. 2005)). "Thus, an end consumer . . . who buys from a retailer is not in privity with a manufacturer." *Id.* (citing *Osborne v. Subaru of Am. Inc.*, 243 Cal. Rptr. 815, 820 n.6 (Cal. Ct. App. 1988)). However, the California Supreme Court has recognized limited exceptions to the privity requirement, including in cases "when the plaintiff relies on written labels or advertisements of a manufacturer." *Id.* (citing *Burr v. Sherwin Williams Co.*, 268 P.2d 1041, 1048–49 (Cal. 1954)). A separate exception likewise waives the privity requirement in the case of foodstuffs. *Klein v. Duchess Sandwich Co.*, 93 P.2d 799, 801 (Cal. 1939).

and Defendant.[7] Therefore, Plaintiff's quasi-contract claim is not barred by her express warranty claim. *See Sneed v. Procter & Gamble Co.*, 779 F. Supp. 3d 1025, 1037 (N.D. Cal. 2025) (declining to dismiss plaintiffs' unjust enrichment claim based on the allegedly false labeling and advertising surrounding ZzzQuil after construing it as a quasi-contract claim for restitution and finding that there was no express agreement that barred the claim).

**F. Plaintiff Lacks Article III Standing to Pursue Claims Based on Non-Purchased Products**

Plaintiff specifically alleges that she purchased three kinds of Defendant's dog food products: (1) Abound Wild Beginnings All Life Stages Dry Dog Food Beef Venison & Lamb; (2) Abound Wild Beginnings All Life Stages Dry Dog Food Chicken, Turkey & Duck; and (3) Abound Wild Beginnings All Life Stages Dry Dog Food Salmon, Trout & Whitefish. Compl. ¶ 12. However, Plaintiff's claims against Defendant relate not just to the products *she* purchased, but to "all Abound dog food products labeled as having 'No Artificial Colors, Flavors or Preservatives' that contain citric acid." *Id.* ¶ 6 n.1. Defendant argues that Plaintiff lacks Article III standing to pursue claims based on non-purchased products. Mot. at 14.

"There is a split in authority among district courts in the Ninth Circuit whether plaintiffs have Article III standing to bring claims for products they did not personally purchase but that were purchased by unnamed class members." *Oh v. Fresh Bellies, Inc.*, 2024 WL 4500727, at *4 (C.D. Cal. Oct. 15, 2024). Some courts allow class action plaintiffs to bring claims "for products they did not purchase as long as the

[7] This conclusion may ultimately be incorrect given Ralphs—the entity Plaintiff purchased the falsely labeled dog food from—is a subsidiary of Defendant Kroger—the manufacturer, distributor, marketer, and seller of said dog food. Compl. ¶¶ 10, 12; https://www.kroger.com/i/kroger-family-of-companies?msockid=0bc3815723f06f0b3c109719227c6e24. In other words, Plaintiff may well have entered into an express agreement with Defendant due to Defendant Kroger and Ralphs's corporate relationship. However, Defendant does not make this argument and Plaintiff does not allege the existence of an express contract with Defendant.

:

Initials of Preparer DTA

products and alleged misrepresentations are substantially similar." *Clevenger v. Welch Foods Inc.*, 2022 WL 16964009, at *4 (C.D. Cal. Feb. 25, 2022). Other courts dismiss claims regarding non-purchased products for lack of standing. *Lorentzen v. Kroger Co.*, 532 F.Supp.3d 901, 908–09 (C.D. Cal. 2021).

This Court agrees with the latter conclusion. As the *Lorentzen* court explained, "the 'substantial similarity analysis appears to be inconsistent with the basic concept of standing. The standing requirement extends to each claim and each remedy sought. The similarity of a product, by itself, does not explain how Plaintiff suffered an injury traceable to the allegedly wrongful conduct of another." *Id.* (internal citation omitted). The *Lorentzen* court also noted that the fact "[t]hat a suit may be a class action adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Id.* at 909 (quoting *Lewis v. Casey*, 518 U.S. 343, 357 (1996)) (cleaned up). Accordingly, the Court finds that Plaintiff only has standing to bring claims related to the three products she purchased.

### G. Plaintiff Lacks Standing to Pursue Injunctive Relief but has Standing to Pursue Equitable Relief

Defendant next argues that Plaintiff lacks standing to pursue injunctive and equitable relief. Mot. at 16. The Court addresses each argument in turn.

#### i. Injunctive Relief

Defendant argues Plaintiff failed to establish any injury to support standing for injunctive relief because she now knows that whenever the Products contain citric acid, it must be artificial. Mot. at 16. The Court agrees.

"A plaintiff must demonstrate constitutional standing separately for each form of relief requested." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 185 (2000)). "For injunctive relief, which is a prospective remedy, the threat of injury must be 'actual and imminent, not conjectural or hypothetical.'" *Id.* (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)).

Courts in this Circuit have repeatedly held that plaintiffs who were allegedly deceived by a no-artificial-preservatives representation lack standing for injunctive relief. These plaintiffs now know to check the ingredients list on the packaging to determine if defendants added citric acid to the products at issue. Now that these plaintiffs can "easily determine whether the [products at issue] contain citric acid, there is simply no threat that [plaintiffs] will be deceived in the same way again." *Squeo v. Campbell Soup Co.*, 2024 WL 4557680, at *8 (N.D. Cal. Oct. 22, 2024); *see Ringler*, 783 F. Supp. 3d at 1247; *Gonzalez v. Chattem, Inc.*, 2023 WL 8101923, at *9 (N.D. Cal. Nov. 21, 2023). The Court agrees with this conclusion and thus dismisses Plaintiff's request for injunctive relief.

**ii. Equitable Relief**

Relying on *Sonner v. Premier Nutrition Corp.*, Defendant moves to dismiss Plaintiff's claims for equitable relief (i.e., UCL, CLRA, and unjust enrichment). Mot. at 16. In *Sonner*, the plaintiff—on the eve of trial after more than four years of litigation—amended her complaint to voluntarily abandon her CLRA damages claim to avoid a jury trial and request the district court judge enter an award for restitution. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 838 (9th Cir. 2020). Subsequently, the district court granted the defendant's motion to dismiss, concluding that the plaintiff could not proceed on her equitable claims because she failed to establish that she lacked an adequate legal remedy for the same past harm for which she sought equitable restitution. *Id.* The Ninth Circuit held that plaintiffs "must establish that [they] lack[] an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA." *Id.* at 844. The court affirmed the district court's dismissal, finding that the plaintiff failed to allege that she lacked an adequate legal remedy. *Id.*

:

Initials of Preparer DTA

The *Sonner* court, however, did not provide precise guidance as to what a plaintiff must plead to sufficiently allege they lack an adequate remedy at law. Consequently, district court treatment of this issue since the Ninth Circuit's decision in *Sonner* has been inconsistent. Some courts "require plaintiffs seeking equitable relief to allege some facts suggesting that damages are insufficient to make them whole." *Rombaut v. U.S. Concepts, LLC*, 2025 WL 2909523, at *2 (C.D. Cal. Oct. 1, 2025) (internal quotation marks and citation omitted). Other courts note that *Sonner* requires far less at the pleading stage. *Sullivan v. Built Brands LLC*, 2025 WL 2822872, at *2 (N.D. Cal. Oct. 3, 2025) (collecting cases). Moreover, some courts allow plaintiffs to survive motions to dismiss by alleging equitable claims in the alternative. *Leyman v. Kroger Co.*, 2025 WL 2051202, at *5 (S.D. Cal. July 22, 2025) (citing *Astiana*, 783 F.3d at 762-63). Other courts find that although plaintiffs can pursue alternative theories, they must still demonstrate the inadequacy of a legal remedy. *Pittmon v. CACI Int'l, Inc.*, 2023 WL 8168834, at *8 (C.D. Cal. Oct. 26, 2023) (collecting cases). In essence, "the import of *Sonner* at the pleading stage is an unsettled question of law and has given rise to an intra-circuit split." *Yeomans v. World Fin. Grp. Ins. Agency, Inc.*, 2022 WL 844152, at *7 (N.D. Cal. Mar. 22, 2022).

The Court concludes that Plaintiff has plausibly alleged the lack of a remedy at law. Although Plaintiff seeks "actual damages," she also pled that she is "entitled to equitable relief as no adequate remedy at law exists." Compl. ¶¶ 59, 92. She alleged that legal remedies may not equate to the price paid for the goods and may require more stringent proof. *Id.* ¶¶ 60, 62. She further alleged that the scope of actionable misconduct under the unfair prong of the UCL is broader than the other causes of action. *Id.* ¶¶ 22, 63; *see Allen v. Hylands, Inc.*, 773 F. App'x 870, 874 (9th Cir. 2019). Relatedly, Plaintiff alleged that depending on the circumstances, she and class members may be entitled to restitution under the UCL, but not to damages under other causes of action. *Id.* ¶ 64. At least at this stage, the complaint plausibly alleges Plaintiff lacks an adequate legal remedy. *See Krystofiak v. BellRing Brands, Inc.*, 737 F. Supp. 3d 782, 807 (N.D. Cal. 2024) ("Plaintiffs are not merely pleading alternative forms of relief but rather that equitable relief may apply to conduct for which damages are not available."); *Barton v. Procter & Gamble Co.*, 2025 WL 2307686, at *11 (S.D. Cal. Aug. 8, 2025).

:

Initials of Preparer DTA

**H. Plaintiff Cannot Pursue Punitive Damages on her CLRA Claim**

Defendant next argues that Plaintiff cannot seek punitive damages on her CLRA claim because she failed to include any factual allegations to support such an award. Mot. at 18.

"California federal district courts have consistently held that a plaintiff who seeks punitive damages against a corporate defendant must plead more than non-conclusory allegations that an officer, director or managing agent of the defendant authorized or ratified the conduct that constitutes malice, fraud or oppression." *Rozier v. Dep't of Homeland Sec. Fed. Protective Serv.*, 2022 WL 2199938, at *3 (C.D. Cal. Mar. 7, 2022) (internal quotation marks omitted) (collecting cases). Plaintiff here alleged that "Defendant, on its own and through its agents, is responsible for the distribution, marketing, labeling, and sale of the Products in California." Compl. ¶ 2. Plaintiff, however, has not alleged any facts that an officer, director, or managing agent of Defendant authorized or ratified the false labeling at issue here. The Court thus finds that Plaintiff has failed to sufficiently plead a basis for punitive damages and thus dismisses her request for punitive damages. *Ringler*, 783 F. Supp. 3d at 1249 (dismissing plaintiff's claims for punitive damages where plaintiff failed to identify any officer, director, or managing agent who committed an act of oppression, fraud, or malice in the complaint's allegations); *Roper v. Big Heart Pet Brands, Inc.*, 510 F. Supp. 3d 903, 926 (E.D. Cal. 2020) (same).

**I. The Court Strikes Plaintiff's Multi-State Class Allegations**

Finally, Defendant alleges that Plaintiff's multi-state class allegations should be stricken because (1) Plaintiff has failed to identify which state laws govern the claims she seeks to bring on behalf of the multi-state class; and (2) Plaintiff lacks standing to assert claims under any law outside of California. Mot. at 19-20. Again, Plaintiff brings this action on behalf of the multi-state express warranty class and the multi-state unjust enrichment class. Compl. ¶ 70. The multi-state classes consist of all persons who purchased the Products in California *and other states with similar express warranty laws or unjust enrichment common laws*. *Id.* (emphasis added).

:

Initials of Preparer DTA

The Court begins and ends its analysis with Defendant's second argument—that Plaintiff lacks standing to assert claims under any law outside of California.[8] Whether plaintiffs have standing to assert claims under the laws of states other than those where the plaintiff resides or was injured is an issue courts in this Circuit are divided on.

In *Melendres v. Arpaio*, the Ninth Circuit said that whether a "named plaintiff has 'standing' to represent the claims of unnamed plaintiffs . . . raises the question of class certification—i.e., whether the named plaintiffs are adequate representatives of the claims of the unnamed plaintiffs—not a question of standing." 784 F.3d 1254, 1262 (9th Cir. 2015). In light of *Melendres*, many courts have opted against striking multi-state class allegations. Instead, these courts address the issue at the motion for class certification stage. *See, e.g.*, *Barrales v. New Chapter, Inc.*, 2025 WL 1584424, at *3 n.2 (C.D. Cal. June 4, 2025) ("The Court therefore declines to address the argument at this point in the litigation. Defendants are free to raise their arguments related to non-California class members at that later phase."); *Tovmasyan v. Target Corp.*, 2025 WL 1288020, at *3 (C.D. Cal. May 2, 2025) ("The Ninth Circuit subscribes to the 'class certification' approach.").

Other courts—including this one—see the issue differently. These courts recognize that "*Melendres* did not confront a situation where named plaintiffs brought claims under the laws of multiple states where they did not reside and where they were not injured: in *Melendres*, all plaintiffs alleged that they suffered the same constitutional injury, only in different factual circumstances." 400 F. Supp. 3d 897,

[8] Although the Court need not reach Defendant's first argument—that Plaintiff failed to identify which state laws govern the claims she seeks to bring on behalf of the multi-state classes—such a fault in Plaintiff's pleading would likely constitute an independent reason to strike Plaintiff's multi-state class allegations. *Kim v. Walmart, Inc.*, 2023 WL 4316786, at *3 (C.D. Cal. Mar. 14, 2023) ("Since different states have different substantive law, the failure to allege which state law governs a common law claim is grounds for dismissal. . . . Since Plaintiff fails to indicate which states' laws apply to the warranty claims of other putative class members, the breach of warranty claim fails under Rule 8 to the extent it is brought on their behalf." (internal quotation marks and citations omitted)); *Ringler*, 2025 WL 3150679, at *7 ("Here, Plaintiffs bring negligent misrepresentation and intentional misrepresentation/fraud claims 'on behalf of all Classes,' but fail to specify which state law governs these claims.").

:

Initials of Preparer DTA

909 (N.D. Cal. 2019); *Phan v. Sargento Foods, Inc.*, 2021 WL 2224260, at *12 (N.D. Cal. June 2, 2021) ("*Melendres* does not impose a per se rule; rather, district courts retain discretion to address standing before or after class certification in the 'sister state' law scenario." (cleaned up)). These courts also recognize "the significant burden of nationwide discovery in permitting a nationwide class to proceed when obvious standing issues existed." *Ledesma v. Hismile, Inc.*, 2025 WL 3785960, at *13 (N.D. Cal. Sept. 23, 2025) (internal quotation marks and citation omitted). Notably, many courts have stricken nationwide unjust enrichment and breach of warranty claims because of the material differences between state laws for such claims. *Id.* (collecting cases). This Court agrees with the aforementioned reasoning and follows suit in finding that Plaintiff lacks standing to bring state law claims on behalf of out-of-state class members. Plaintiff's non-California claims are dismissed. *See, e.g.*, *Kim v. Walmart, Inc.*, 2023 WL 4316786, at *4 (C.D. Cal. Mar. 14, 2023) ("*Melendres* did not involve the application of multiple states' laws and thus is not controlling in this context."); *Marks v. United Parks & Resorts, Inc.*, 2025 WL 2767941, at *4-5 (S.D. Cal. Sept. 26, 2025); *Gibson v. Advanced Bionics*, *LLC*, 2025 WL 2555237, at *4 (C.D. Cal. Sept. 2, 2025); *Slattery v. Athena Cosms., Inc.*, 740 F. Supp. 3d 1009, 1020 (C.D. Cal. 2024).

## V. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART. Specifically, the Court dismisses Plaintiff's claims based on an omission theory, claims based on non-purchased products, request for injunctive relief, request for punitive damages, and out-of-state claims brought on behalf of out-of-state class members.

Plaintiff is ORDERED to file a motion for class certification by May 15, 2026.

**IT IS SO ORDERED.**

:

Initials of Preparer DTA